THE NORTH CAROLINA RAILROAD COMPANY *v.* JAMES G.
MOORE and others.

The North Carolina Railroad Company, as well by its charter, Act of
1848-'49, chap. 82, and the supplemental Acts thereto, as upon gen-
eral principles, has the power to deposit or loan its surplus funds, and
of course may bring the necessary actions to recover the sums loaned.

CIVIL ACTION, to recover the amount of a bond, tried before
*Tourgee, J.,* at Fall Term, 1873, of the Superior Court of ALA-
MANCE county.

The plaintiff, a corporation created by the law of the State
on the 23d day of August, 1870, loaned the defendants the sum
of $1,500, taking from them a bond or covenant in the words
following, to wit:

"$1,500.  Sixty days after date, we, or either of us, promise
to pay to the Treasurer of the North Carolina Railroad Com-
pany the just and full sum of fifteen hundred dollars, for
money borrowed at eight per cent. interest.  Witness our hands
and seals, this August 23d, 1870.

J. G. MOORE,      [SEAL.]

J. A. MOORE,      [SEAL.]

R. D. WADE.      [SEAL.]"

In their answer the defendants admit the execution of the
bond, and, for a principal defence, deny the capacity and power
of the company to lend money and recover it by an action on
a bond.

It being submitted to the Court, His Honor, upon conside-
ration, gave judgment in favor of the plaintiff for the balance
due on the bond, $947.70, (the defendants having paid $600
thereof on the 16th of March, 1871,) and interest and costs.

From this judgment defendants appealed to this Court.

*Parker,* for appellants, submitted:

1. That a corporation has no other capacities or powers than

such as are necessary to effect the purposes of its creation. Angel & Ames on Corp., sec. 7.

2. The exercise of its corporate franchise being restrictive of individual rights, cannot be extended beyond the letter and spirit of the act of incorporation. *Beaty* v. *Knowler*, 4 Pet., 162.

3. In deciding whether a corporation can make a contract, we are to consider whether it is permitted or forbidden by the charter, or some act binding upon it, and if they are silent, we have to consider whether the power is not implied, as being directly or indirectly necessary, to enable the corporation to fulfil the purposes of its creation. Angel & Ames on Corp., sec. 256.

4. This security for the loan of money is absolutely void. *Mica Ins. Co.* v. *Scott*, 19 Johnson, (N. Y.,); *White Water Valley Co.* v. *Vallette* and others, 21 How. 414.

*Boyd*, contra.

1. Plaintiff partakes of the nature of both a public and private corporation, in this: It is created for the benefit of the public, as furnishing convenient and speedy transportation to the citizens, its public nature pertaining more to its duties than right; in its private nature it is intended to promote individual interest, by furnishing the means of profitable investment, and whatever may be done to attain this latter end is within the scope of its powers.

2. As to the powers of corporations generally, see Angel & Ames, secs. 256, 257, 258, 259.

3. The principal authority cited in Angel & Ames, that a corporation is confined to the sphere of action limited by the terms and intention of the charter, or that a corporation other than a bank, was not allowed to loan money, is that of the Utica Insurance Company v. Scott, reported in 19 Johnson, (N. Y.); but in the State of New York there was a general banking act, which restrained every other corporation, in express terms, from lending money. We have no such act with us, and even

in the case cited, it was held that the money could be recovered, though the security was void.

4. "In this country," says Parsons on Bills and Notes, 164, after speaking of the English law on the subject, "it may be regarded as settled, that the power of corporations to become parties to bills of exchange or promissory notes, is co-extensive with the power to contract debts. Whenever a corporation is authorized to contract a debt, it may draw a bill or give a note in payment of it."

5. Two corporations may join in an action of *assumpsit* to recover money deposited jointly. *Sharon Canal Co.* v. *Fulton Bank*, 7 Wend. 412.

6. Plaintiff has the right to deposit its funds in bank or with an individual; a right to purchase and sell property, so far as is necessary to attain the ends of its creation. This being so, its right to recover follows, as a matter of course.

7. The Courts will do substantial justice, without regard to mere matters of form; and though we sue upon the security, if that be void, we are entitled to recover for money had and received. *Oats, Williams & Co.* v. *Kendall*, 67 N. C. Rep., 241.

SETTLE, J. The defendants borrowed money of the plaintiff and gave their bond therefor, but now seek to avoid the payment of the same by alleging the incapacity of the plaintiff to make such a contract or to enforce it in the Courts.

A corporation can do no act which is prohibited by its charter, or which is against the general law of the land; and as Mr. Dillon says, "it is the part of true wisdom to keep the corporate wings clipped down to the lawful standard." But the charter of the North Carolina Railroad Company, acts 1848–'49, ch. 82, is a very liberal one. It enacts that the Company shall have the power of "purchasing, holding, selling, leasing and conveying estates, real, personal and mixed, and acquiring the same by gift or devise as far as shall be necessary for the purposes embraced in the scope, object and interest of their char-

ter, and no further,    \*    \*    \*    \*    and shall have and enjoy all other rights and immunities which other corporate bodies may, or of right do exercise;    \*    \*    \* and may borrow money, make mortgages," &c.

We think it clear from these large and liberal grants of power, as well as upon general principles, that the plaintiff may deposit or loan its surplus funds without subjecting itself to the losses which would follow upon the establishment of the principle contended for by the defendants.    *McFarland* v. *the Trenton Insurance Co.*, 4 Denio, 392 ; *Potter* v. *Bank of Ithica*, 5 Hill, 490, and 7 Hill, 330 ; *Western Boatmen's Benevolent Association* v. *Pribben*, 48 Missouri, 37.

It is not alleged or pretended that the plaintiff is engaged in the business of banking; but so far as appears to us, this was only a single transaction, by way of investing surplus funds.    The case pressed upon the argument to defeat this recovery, was the *Ithica Insurance Company* v. *Scott*, 19 Johnson, 1, in which it is held that the security there given was void, being in contravention of the general banking act of the State of New York.    But, upon review of this case in the Court of Errors, it is held that the Ithica Insurance Company may loan their surplus funds on bond, note or mortgage.    *The Ithica Insurance Co.* v. *Scott*, 8 Cowen, 709.    In *Frye* v. *Tucker*, 24 Illinois 180, the Court say, " that a railroad company can take a promissory note and negotiate it in the ordinary course of their business, cannot be questioned.    It is a power inherent in all such corporations."

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.